UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN RADEY and ANDREA RADEY, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-1547 |
| | § | |
| CHASE HOME FINANCE, LLC and | § | |
| THE VANGUARD GROUP, INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the court is plaintiffs' motion to remand (Dkt. 13), defendants' motions to dismiss (Dkts. 14 and 15), and plaintiffs' unopposed motion to stay on the basis that plaintiffs' attorney will be unavailable due to a medical condition (Dkt. 16).

### I. BACKGROUND

Plaintiffs filed their original petition in the Montgomery County District Court, 9th Judicial District of Texas, on March 11, 2011. Dkt. 1-1. Plaintiffs' petition asserts claims for negligence and breach of fiduciary duty, fraudulent lien, promissory estoppel, and violations of the Texas Deceptive Trade Practices Act with respect to defendant Chase Home Finance, LLC.'s ("Chase") decision to accelerate the mortgage on their home. *Id.* Plaintiffs also allege that The Vanguard Group, Inc. ("Vanguard"), failed to deliver funds from Brian Radey's 401K plan so that they could obtain a modification of the loan held by Chase. *Id.* Plaintiffs seek damages and injunctive relief in the nature of an order preventing Chase from foreclosing on the property. *Id.*

Chase removed this case (and defendant Vanguard later joined in that removal) claiming that complete diversity exists and that the amount in controversy exceeds $75,000.00. Plaintiffs did not

allege a specific amount of damages in their state court petition, but Chase asserts that it is facially apparent from the petition that the claims are more than $75,000.00 due to the request for injunctive relief with respect to property that is worth more than $75,000.00. Dkt. 1. The property at issue has an approximate fair market value of $260,000. Dkt. 13-1 at 7.

Plaintiffs filed a motion to remand, claiming that diversity does not exist because they are not alleging more than $75,000.00 in damages, exclusive of costs and interest. Dkt. 13. Specifically, plaintiffs contend that the amount in controversy is the value of the right to be protected or the extent of injury to be prevented and that, in this case, this amount should be determined by the value of their equity in the property, which they contend is substantially less than $75,000.00. *Id.*

## II. LEGAL STANDARD

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.* (*"De Aguilar II"*)*,* 47 F.2d 1404, 1408 (5th Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Ordinarily the federal court ascertains the amount in controversy by looking at the amount claimed in the state court petition. *Id.* Where, as is the case here, the plaintiff has not alleged a specific dollar amount as damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy actually does, in fact, exceed the jurisdictional amount required in diversity cases. *De Aguilar II,* 47 F.2d at 1409. A defendant may accomplish this in two ways. First, the defendant may show it is "facially apparent" that the

2

damages exceed $75,000, in which case the court "looks only at the face of the complaint and asks whether the amount in controversy [is] likely to exceed [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Second, the defendant may prove damages exceed $75,000 by "setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.  To meet the preponderance of the evidence burden, the defendant must "do more tha[n] point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]." *De Aguilar II*, 47 F.3d at 1412.  A mere conclusory statement will not suffice. *De Aguilar v. Boeing Co.* (*"De Aguilar I"*), 11 F.3d 55, 57–58 (5th Cir. 1993).

### III. ANALYSIS

In the Fifth Circuit, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547,48 (5th Cir. 1961).  While the Fifth Circuit has not applied this rule directly to a wrongful foreclosure claim, two courts in the Southern District of Texas have recently held, in cases very similar to the case at bar, that the amount in controversy is the value of the property, not the value of the equity that the plaintiff holds. *See Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010) (Lake, J.) (concluding that the object of the request for injunctive relief was the property and that the value of the extent of the injury to be prevented was the fair market value of the home); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009) (Rainey, J.) (noting that, absent "judicial relief, Plaintiff could be divested of all right, title, and interest to the Property" and that the value of the declaratory and injunctive relief sought was the fair market value of the property); *see also Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 399 (2nd Cir.

3

1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). This court agrees with the reasoning in both of those cases.

Plaintiffs' petition requests injunctive relief to prevent Chase from foreclosing on their home. If their request is denied, while their out-of-pocket loss may be limited to the equity they possess in the house, their actual loss would be the title, interest, and possession of property valued at more than $75,000.00. Thus, since the amount in controversy exceeds $75,000.00 and there is no dispute that the parties are completely diverse, plaintiffs' motion to remand is DENIED.

It is further ORDERED that the motion to stay this case due to the unavailability of plaintiffs' counsel (Dkt. 16) is GRANTED. All proceedings, including any applicable periods for seeking reconsideration or filing appeals, are hereby STAYED.

It is further ORDERED that the pending motions to dismiss (Dkts. 14 and 15) are DENIED WITHOUT PREJUDICE to defendants' rights to reassert those motions when the stay is lifted. The parties are directed to notify the court when plaintiffs' counsel is again able to participate in this case.

Signed at Houston, Texas on June 13, 2011.

_____
Gray H. Miller
United States District Judge